FILED
MAR 1 2 2015
Clerk, U.S District Court
District Of Montana
Great Falls

Robert M. Farris-Olsen
Morrison, Sherwood, Wilson & Deola
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorney for Plaintiff*

## MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| SUSAN THOMPSON and JEFF THOMPSON, <br> Plaintiff, <br> v. <br> BENEFIS HOSPITALS, INC.; and CENTRON SERVICES, INC., <br> Defendants. | Cause No. ~~DDV-15-013~~ ~~DIRK M. SANDEFUR~~ <br> CV-15-19-GF-BMM <br> **COMPLAINT AND JURY DEMAND** |

Comes Now, Plaintiffs Susan and Jeff Thompson ("Thompsons"), through counsel, and for their Complaint against Defendants states and alleges:

### I. PARTIES, JURISDICTION, VENUE

1. The Thompsons are residents of Fort Shaw, Montana.

2. Benefis Hospitals, Inc., ("Benefis") is Montana Corporation that runs the Benefis Hospital in Great Falls, Montana.

3. Centron is a Montana corporation with offices in Helena and Great Falls. Centron operates under two assumed business names, Credit Systems and Patient Business Services.

4. Jurisdiction and venue are proper in this Court.

## II. FACTS

5. From July 14-18, 2011, Susan was admitted to the emergency room at Benefis Hospital for an adverse reaction to her prescriptions. In dispute are two bills from that visit, D36960615 and D36989945.

6. In May 2013, Susan went to Benefis Hospital for an infection. Benefis alleges that the Thompsons also owe money under bill D41286121.

7. The Thompsons experienced a financial hardship and applied for financial assistance for her May 28, 2013, bill and they were given a 20% discount.

8. After a two months of attempting to speak with their Benefis representative, Michelle, Susan was finally able to speak with her in July 2013.

9. Michelle offered to combine the three accounts and permit the Thompsons to make a $75 combined payment, with the oldest account being paid first. Payments were due by the 20th of each month.

10. The Thompsons agreed, and began making payments.

11. Despite making the payments, the Thompsons began receiving delinquency notices from Benefis Health Systems, Inc., c/o Wells Fargo, out of Denver, Co.

12. The Thompsons continued making their $75 a month payments to Michelle.

13. The Thompsons never received a statement for the $75 a month she was paying, but instead received a Payment Plan Reminder Notice in September 2013. Within the Reminder Notice, it showed that the newest bill was being paid first.

14. In December 2013, The Thompsons wrote to Benefis asking for an explanation about her $75 payments. Rather than responding to the letter, Benefis sent the debt to collection.

15. On December 9 and 20, 2013, Centron sent the Thompsons collection notices.

16. Susan contacted Centron about the issue and informed Centron of the dispute.

17. On or about January 17, 2013, Susan spoke with Benefis and was advised that the accounts had not been combined, and that her $75 a month payments were being sporadically distributed between the accounts.

18. During the same conversation, Susan was also advised that her payment had been raised to $106 a month and she was behind. This was the first time Benefis advised her of the change in payment amount.

19. The following week Susan spoke with a supervisor at Benefis who advised her that the account would remain in collections.

20. On or January 26, 2014, Susan sent a letter disputing her debt to both Benefis and Centron.

21. On or about July 29, 2014, Thompson sent Centron a notice stating "Do Not Call Me."

22. Thereafter, Centron called the Thompsons multiple times and sent her delinquency notices.

23. As a result of the actions of Benefis and Centron, the Thompsons have suffered damages, including but not limited to damage to their credit, emotional distress, loss of quality of life, embarrassment, and lost time.

### III.   COUNTS AGAINST BENEFIS

#### A.   BREACH OF CONTRACT

24. The preceding paragraphs are realleged as though set forth in full hereunder.

25. Benefis and the Thompsons entered into a contract wherein the Thompsons would pay $75 per month to Benefis and in exchange Benefis would combine the three accounts, accept the Thompsons payments and would consider the Thompsons current on their debt.

26. Benefis breached the contract, causing the Thompsons' damages.

### B. MONTANA CONSUMER PROTECTION ACT

27. The preceding paragraphs are realleged as though set forth in full hereunder.

28. Plaintiff is a "consumer" under the Montana Consumer Protection Act ("MCPA").

29. Benefis was engaged in "trade or commerce" under the MCPA.

30. Benefis' acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. Benefis' unfair and/or deceptive acts or practices include, but are not limited to:

    a. Increasing the payment to $106.

    b. Failing to advise the Thompsons that the payment had increased to $106.

    c. Sending the Thompsons to collections when they were current on their payments.

    d. Providing multiple invoices for different services tendered on the same day at the same location.

31. Benefis is liable for Plaintiffs' actual or statutory damages, treble damages, and attorney fees.

### C. NEGLIGENCE

32. The preceding paragraphs are realleged as though set forth in full hereunder

33. Benefis owed the Thompsons a duty to act with ordinary care and skill in the handling of her accounts.

34. Benefis breached that duty, causing the Thompsons' damages

### D. NEGLIGENT MISREPRESENTATION

35. The preceding paragraphs are realleged as though set forth in full hereunder.

36. Benefis had and has a pecuniary interest in the Thompsons making their payments.

37. Benefis owed the Thompsons a duty to exercise reasonable care or competence in obtaining or communicating information to the Thompsons.

38. Benefis breached that duty by supplying false information to the Thompsons regarding their payment amounts.

39. As a result of the Thompsons' justifiable reliance on the payment amount, they suffered damages.

## IV. COUNTS AGAINST CENTRON

### A. FAIR DEBT COLLECTION PRACTICES ACT

40. The preceding paragraphs are realleged as though set forth in full hereunder.

41. Centron is a "debt collector" under the FDCPA.

42. Thompson is a "consumer" under the FDCPA.

43. Centron, at all relevant times, was collecting a debt under the FDCPA.

44. Centron violated FDCPA by engaging in a conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d. Centron's violations include, but are not limited to, regularly calling and corresponding with the Thompsons after Susan advised Centron that she did not want to be contacted.

45. Centron violated the FDCPA by engaging in unfair and/or unconscionable conduct in violation of 15 U.S.C. § 1692f. Centron's violations include, but are not limited to, regularly calling and corresponding with the Thompsons after Susan advised Centron that she did not want to be contacted.

46. Centron violated the 15 U.S.C. § 1692c of the FDCPA by communicating with Thompson after she had requested in writing that Centron cease such communication.

47. Centron is liable for Plaintiff's actual damages, statutory damages and attorney fees.

## B. MONTANA CONSUMER PROTECTION ACT

48. The preceding paragraphs are realleged as though set forth in full hereunder.

49. Plaintiff is a "consumer" under the Montana Consumer Protection Act ("MCPA").

50. Centron was engaged in "trade or commerce" under the MCPA.

51. Centron's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. Centron's unfair and/or deceptive acts or practices include, but are not limited to:

    a. Violating the FDCPA;
    b. Sending a bill to the Thompsons after they told Centron not to contact them, as well as calling multiple times after receiving a letter advising Centron to stop contacting them;
    c. Continuing to collect a debt after being advised by Thompson that it was invalid.

52. Centron is liable for Plaintiffs' actual or statutory damages, treble damages, and attorney fees.

WHEREFORE, Plaintiffs pray for Judgment against Defendants:

1. That they be awarded all the actual and statutory damages, along with interest on damages;
2. That they be awarded treble damages under § 30-14-133, MCA.
3. That they be awarded their costs and attorneys' fees.
4. That they be awarded punitive damages in an amount to be determined at trial.
5. For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

**Pursuant to M. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.**

Dated this 6 day of January, 2015.

MORRISON, SHERWOOD, WILSON & DEOLA

By: _____
Robert M. Farris-Olsen
*Attorney for Plaintiff*